IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| IN RE: | § | |
|---|---|---|
| DAN THOMASON & ASSOCIATES, LLC, | § | |
| | § | |
| Appellant, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3-10-CV-00379-K |
| GRAHAM BREAKWELL, LAKE | § | (Bankruptcy Appeal) |
| FOREST PROPERTIES, LLC and | § | |
| RICK YOUNGDAHL,, | § | |
| | § | |
| Appellees. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is an appeal from the bankruptcy court's order denying a motion to convert a Chapter 7 bankruptcy proceeding to a reorganization under Chapter 11 of the Bankruptcy Code. This Court reviews the bankruptcy court's conclusions of law under a *de novo* standard, findings of fact under a clearly erroneous standard, and mixed questions of fact and law under a *de novo* standard. *See In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

On appeal, Appellant asks this Court to reverse the bankruptcy court's order and allow conversion of the action to a Chapter 11 reorganization. The bankruptcy court, after conducting an evidentiary hearing, determined that allowing Appellant-Debtor to convert the bankruptcy proceeding to a Chapter 11 reorganization would be an exercise in futility. The bankruptcy court's decision relied on the fact that the case has been

pending as a Chapter 7 bankruptcy proceeding for more than two years and because the bankruptcy court was not satisfied that the Debtor would have adequate financing and assets to undertake such a reorganization, as well as, that Debtor was not qualified to manage itself as a debtor in possession. Thus, the bankruptcy court held that given the delay, lack of care and diligence, that it would not be in the best interests of the bankruptcy estate to turn the fiduciary duties of the estate to the Debtor.

Appellant's issue on appeal is whether Appellant is entitled to an unqualified right to convert the proceeding from a Chapter 7 bankruptcy to a Chapter 11 reorganization if the case has not been converted at a prior time. Section 706(a) of the Bankruptcy Code states that a debtor may convert a Chapter 7 case to a case under Chapter 11 at any time. 11 U.S.C. § 706. The bankruptcy court held that *Marrama v. Citizens Bank*, empowers the bankruptcy court with equitable discretion to decline such a conversion. *See generally*, 549 U.S. 365 (2007).

The Supreme Court in *Marrama* resolved a circuit split on whether Section 706(a) of the Bankruptcy Code accords a Chapter 7 debtor the right to convert its case to Chapter 13 even though that act would be futile. *Id.* at 367–68. In that case, the debtor's conduct required the Chapter 13 to be immediately dismissed or converted back to a Chapter 7. *Id.* at 367–68. The Court held that the "broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code, is surely adequate to authorize an

immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors." *Id.* at 374–75.

*Mirrama*'s holding is not limited to a request to convert to Chapter 13, but its principles apply equally to Chapter 11 conversions. "While the debtor in *Marrama* sought to convert his case to a case under Chapter 13 and not Chapter 11, a number of other courts have found *In re Marrama* to be instructive or applicable to facts similar to this case." *In re FMO Assocs. II, LLC*, 402 B.R. 546, 550 (Bankr. E.D.N.Y. 2009); *In re George Love Farming, LC*, 366 B.R. 170, 177-78 (Bankr. D. Utah 2007) (*Marrama* is instructive since the language of § 706 applies equally in conversion to chapter 13 or chapter 11); *In re Broad Creek Edgewater*, LP, 371 B.R. 752, 758 (Bankr. D.S.C. 2007) (*Marrama* applies equally in conversions to chapter 11 and chapter 13); *In re Irmen*, No. 07 B 03103, 2008 WL 320484, at *3 (Bankr. N.D. Ill. Feb. 1, 2008; *In re 10 Bears at Chiloquin, Inc.*, No. 06-62079-FRA7, 2007 WL 1673538, at *2 (Bankr. D. Or. June 6, 2007); *In re Euro-American Lodging Corp.*, 365 B.R. 421, 425 (Bankr. S.D.N.Y. 2007).

Courts readily apply *Marrama* to deny Chapter 7 to Chapter 11 conversions if facts establish that one of the "causes" to dismiss or convert a Chapter 11 case are present. *See In re Euro-American Lodging Corp.*, 365 B.R. 421, 425 (Bankr. S.D.N.Y. 2007); *In re George Love Farming, LC*, 366 B.R. 170, 178 (Bankr. D. Utah 2007); *In re Broad Creek,* 371 B.R. 752, 758 (Bankr. D.S.C. 2007). In short, a debtor does not have an

unqualified right to convert a Chapter 7 proceeding into a Chapter 11 reorganization.

The bankruptcy court held a hearing on the motion at issue, a proceeding at which it could directly assess the witnesses' credibility. *See Matter of Young*, 995 F.2d 547, 548 (5th Cir. 1993) (stating a reviewing court should be "particularly mindful of the opportunity of the bankruptcy judge to determine the credibility of the witnesses") (quoting Rule 8013). At the hearing, Ms. Thomason, the wife of Mr. Thomason who is the one-hundred percent managing member of Debtor but due to a disability could not manage Debtor, claimed the right to manage the Debtor because she was her husband's "proxy." (Rec. 72–73). The bankruptcy court focused on Ms. Thomason's ability to manage the Debtor. (Rec. 115). Ms. Thomason acknowledged past failings in managing the Debtor. (Rec. 70). She took two years after the Debtor filed bankruptcy to amend the Debtor's schedules to list an interest in what she claimed to be two prime assets of the Debtor. (Rec. 57–58). Ms. Thomason claimed the delay was a result of the discovery of a corporate resolution that creates an interest in these assets, however, she could not produce such resolution into evidence when the bankruptcy court required her to do so at the conversion hearing. (Rec. 63–65, 92–93). Based on the evidence at the hearing, the bankruptcy court determined that Ms. Thomason lacks the ability to manage the Debtor's estate as a Chapter 11 debtor in possession. Consequently, the bankruptcy court concluded that the Debtor cannot be a Chapter 11 debtor because there is no hope of reorganizing. After reviewing the record, this Court

concludes that the bankruptcy court's findings are not clearly erroneous.

Therefore, after review of the bankruptcy court record, the briefs of the parties, and the applicable law, the Court concludes that the bankruptcy court's determination was correct. The decision of the bankruptcy court is **AFFIRMED**. The Clerk is hereby directed to prepare, sign and enter the judgment pursuant to Bankruptcy Rule 8016(a).

**SO ORDERED**

Signed August 25th, 2010

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE